UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD MORTON, #01189-039,

        Petitioner,

v.                                      CIVIL ACTION NO. 09-12855
                                      HONORABLE BERNARD A. FRIEDMAN
WARDEN ZYCH and THE UNITED
STATES PAROLE COMMISSION,

        Respondents.
_____/

## OPINION AND ORDER
## GRANTING THE GOVERNMENT'S MOTION TO DISMISS,
## DISMISSING THE HABEAS CORPUS PETITION, AND
## DENYING PETITIONER'S MOTION FOR BOND

Petitioner Harold Morton has filed a habeas corpus petition under 28 U.S.C. § 2241 and a motion for release on bond. The habeas petition challenges the United States Parole Commission's decision to deny petitioner's request for mandatory release on parole. The Government recently moved to dismiss the habeas petition and to deny petitioner's motion for bond. The Court has confirmed with petitioner's counsel that petitioner has in fact been released, and accordingly agrees with the Government that petitioner's claims are moot. Consequently, the Government's motion will be granted, the habeas petition will be dismissed, and the motion for bond will be denied as moot.

### I. BACKGROUND

In 1980, petitioner was convicted of conspiracy to violate civil rights. *See* 18 U.S.C. § 241. The conviction arose from allegations that petitioner hired someone to murder a person who was expected to testify against him at his criminal trial on drug trafficking charges. Petitioner was

sentenced to life imprisonment with the possibility of parole. He became eligible for parole after serving ten years of his sentence and was given a mandatory release date of May 17, 2009. However, on March 12, 2009, the Parole Commission denied mandatory release on parole and stated that its decision was not appealable.

Petitioner filed a *pro se* habeas corpus petition on July 20, 2009. The Court appointed counsel for petitioner, and on October 26, 2009, counsel filed an amended petition and a motion for bond. The habeas petitions allege that the Parole Commission's decision to deny mandatory release on parole is based on a 1994 amendment to the Parole Commission's parole guidelines manual. The amendment states that a murder committed to silence a victim or witness shall not justify the grant of parole unless there are compelling circumstances in mitigation. This standard is more stringent than the standard in effect when petitioner committed his offense. The more lenient standard in effect at the time of the offense required the Parole Commission to release an inmate on parole after thirty years unless the inmate frequently violated institutional rules or there was a reasonable probability that the inmate would commit another crime.

Petitioner alleges that he has an exemplary prison record and that retroactive application of the Parole Commission's 1994 amendment results in a longer period of incarceration. Thus, according to petitioner, the Parole Commission's reliance on the 1994 amendment violates the Ex Post Facto Clause of the United States Constitution. Petitioner seeks an order invalidating the 1994 amendment, requiring the Parole Commission to vacate its decision of March 12, 2009, and granting him immediate release on parole to a halfway house.

The Government argues in its motion to dismiss, filed on January 6, 2010, that petitioner's habeas claims and motion for bond are moot because petitioner has been granted release

2

on parole.

## II. DISCUSSION

Article III of the United States Constitution extends judicial power to cases and to controversies. *See* U.S. CONST. art. III, § 2, cl.1. "To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983 ) (citing *Simon v. Eastern Ky. Welfare Rights Org.,* 426 U.S. 26, 38 (1976)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings . . . . [I]t is not enough that a dispute was very much alive when [the] suit was filed . . . . The parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477-78 (1990) (citations and internal quotation marks omitted). If, during the pendency of a case, an event occurs that makes it impossible for a court to grant any effectual relief to the prevailing party, the case must be dismissed, *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992), because "[f]ederal courts lack jurisdiction to decide moot cases . . . ," *Iron Arrow Honor Soc'y*, 464 U.S. at 70 (citing *Dfunis v. Odegaard*, 416 U.S. 312, 316 (1974)).

On January 5, 2010, the Parole Commission re-opened petitioner's case and ordered his release on parole effective February 18, 2010. Records maintained by the Federal Bureau of Prisons on its official website confirm that petitioner was released on parole on February 18, 2010. *See* www.bop.gov/iloc2/LocateInmate.jsp. Because petitioner has been released on parole, his request for release to a halfway house and his motion for bond are moot, and the Court need not determine whether the Parole Commission's 1994 amendment is invalid. "[A] federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or

rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology*, 506 U.S. at 12 (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).

## III.  CONCLUSION

Petitioner's habeas petitions and pending motion are moot. Accordingly, the Government's motion to dismiss [Dkt. #11] is **GRANTED**, the petitions for writ of habeas corpus [Dkt. #1 and #8] are **DISMISSED**, and Petitioner's motion for bond [Dkt. #9] is **DENIED**.


S/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

Dated:  February 26, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 26, 2010, by electronic and/or ordinary mail.

S/Felicia Moses for Carol Mullins
Case Manager

4